IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LENORD JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0168-WS-M |
| ) | |
| **WARRIOR & GULF NAVIGATION** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

On September 19, 2007, the defendant filed a suggestion of death. (Doc. 28). Two days later, counsel for the plaintiff filed another suggestion of death. (Doc. 31). Counsel for the plaintiff was electronically served with both suggestions.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Because service was made electronically, it was complete on transmission. *Id*. 5(b)(1)(E).

The ninetieth day after September 19, 2007 was December 18, 2007. Because no motion for substitution has been filed, pursuant to Rule 25 this action is **dismissed without prejudice**.[1]

DONE and ORDERED this 20th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Because the complaint alleges that the defendant's wrongful conduct occurred on or about September 1, 2006; because it includes a cause of action under the Jones Act; and because the statute of limitations in Jones Act cases is three years, *e.g., Watz v. Zapata Off-Shore Co.*, 431 F.2d 100, 111 (5th Cir. 1970), dismissal does not preclude the plaintiff's representative from re-filing suit.